FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 26 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

IN RE KYLE SIRIANI

----------------------------------------------------------x

MEMORANDUM AND ORDER

07-CV-3172 (ENV)

VITALIANO, D.J.

On July 25, 2007, the Court's *pro se* office received Kyle Siriani's letter in which he alleged civil rights violations suffered at the Attica Correctional Facility ("Attica") that, he claims, prevented him from actively pursuing his habeas corpus petition.[1] On August 3, 2007, this Court entered an Order advising Siriani that it cannot act upon a letter, and directed him, should he desire to pursue his grievance in this Court, to file a complaint, an *in forma pauperis* declaration and a Prisoner Authorization form or pay the filing fee, all within 30 days.

Siriani failed to file a complaint before the deadline set in the Court's order. Instead, he complained in two subsequent letters to the Court that he was deliberately being prevented from exhausting his administrative remedies and denied access to the prison law library.

It may well be that Siriani has a valid claim for relief under § 1983, but the Court does not address the merits of any such claim because none has been properly presented. The Court again observes, however, that the proper venue for any complaint about violations of Siriani's civil rights occurring at Attica does not likely lie in this district.[2] For cases

---

[1] Siriani's habeas corpus petition is pending before this Court. Docket No. 07-cv-3504.

[2] As Siriani notes in both letters, Attica Correctional Facility is located in Wyoming County in the Western District of New York. 28 U.S.C. § 112 (d).

presenting civil rights claims under § 1983, venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

While no defendant has been named yet, any employee of Attica sued in his official capacity would "reside" in the district in which he performs his duties for the purposes of venue in a § 1983 action. See, e.g., Cain v. New York State Bd. of Elections, 630 F.Supp. 221 (E.D.N.Y.1986). For this reason, any claim alleging civil rights violations occurring at Attica should be brought in the Western District of New York.

## CONCLUSION

In accordance with the Court's previous order of August 1, 2007, the case is dismissed for Siriani's failure to file a complaint by the Court's deadline. However, dismissal is without prejudice to Siriani's right to file a complaint asserting any appropriate civil rights claim in the United States District Court for the Western District of New York. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 24, 2007

/S/
_____
ERIC N. VITALIANO
United States District Judge